FILED

**NOT FOR PUBLICATION**

FEB 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPREET SINGH BRAR, | No. 09-73754 |
| Petitioner, | Agency No. A77-859-183 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ and IKUTA, Circuit Judges.

The Board of Immigration Appeals ("BIA") did not abuse its discretion in

denying Brar's motion to reopen as untimely. *Fernandez v. Gonzales*, 439 F.3d

592, 601 (9th Cir. 2006). The BIA expressly stated that it reviewed "the evidence

that [Brar] submitted in support of his untimely motion to reopen," *see Larita-*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000), including the affidavits relating to the shooting and detention of Brar's brother, and determined that the evidence failed to establish that conditions for Sikhs, suspected Sikh militants, or separatists had substantially worsened in India. The BIA's conclusion that Brar failed to establish changed country circumstances sufficient to excuse him from the 90 day time limitation for motions to reopen, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), is supported by substantial evidence in the record, *see Najmabadi v. Holder*, 597 F.3d 983, 989–990 (9th Cir. 2010).

Brar failed to establish that he was exempt from the 90 day time limitation for motions to reopen because of changed country conditions. Thus, the BIA was not required to consider his prima facie eligibility for asylum or to reconsider its prior conclusion that Brar failed to establish past persecution; nor was the BIA required to consider Brar's eligibility for withholding or relief under the Convention Against Torture. *Najmabadi*, 597 F.3d at 991–92.

**PETITION DENIED**.